1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD ANDROSHCHUK,                      Case No.  2:23-cv-00792-JDP (PC)

12                  Plaintiff,

13        v.                                  ORDER

14   M. BREWER, *et al.*,

15                  Defendants.

16

17

18          Plaintiff is a state inmate proceeding without counsel in this civil rights action brought

19   under 42 U.S.C. § 1983.  Plaintiff has filed two motions asking the court to appoint him counsel

20   and a motion asking the court to reconsider denying his previous request for counsel.[1]

21          Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand*

22   *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an

23   attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296,

24   298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C.

25   _____

26          [1] Plaintiff has also inquired whether the court received his payment for the filing fee, ECF
     No. 18 at 1, and has requested a copy of the complaint because he lost his copy when he was
27   transferred institutions, ECF No. 16 at 1.  Court records reflect that plaintiff's filing fee of $350
     has been paid in full.  Additionally, I will direct the Clerk of Court to send plaintiff a one-time
28   courtesy copy of the complaint filed January 9, 2023.

                                            1

1   § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

2   counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will

3   seek volunteer counsel only in exceptional circumstances.  In determining whether such

4   circumstances exist, "the district court must evaluate both the likelihood of success on the merits

5   [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

6   legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

7           Plaintiff asks that counsel be appointed because he is struggling to access the law library,

8   he is suffering retaliation in prison, and the issues in this case are complex.  ECF Nos. 16 & 18.

9   Plaintiff further asks that the court reconsider its previous denial of his motion for counsel

10  because he has mental health issues that make litigating this action difficult.  ECF No. 20.

11          At this stage of the proceeding, I cannot conclude that exceptional circumstances requiring

12  the appointment of counsel are present.  The court may revisit this issue at a later stage of the

13  proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel,

14  he should provide a detailed explanation of the circumstances that he believes justify appointment

15  of counsel in this case.

16          Plaintiff also states in his motions that he is being denied access to the law library at Kern

17  Valley State Prison.  ECF Nos. 16 * 18.  While "[p]risoners have a right to meaningful access to

18  the courts, [] there is no absolute right to use a prison law library." *Springfield v. Khalit*, 2018

19  WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).

20  Plaintiff should have access to the library and may show this order to the appropriate officials at

21  the prison to demonstrate that he is engaged in active litigation as a pro se litigant.  Should

22  plaintiff continue to have difficulty accessing the law library, he may seek assistance from the

23  court.

24          Accordingly, it is hereby ORDERED that:

25          1. Plaintiff's motions for the appointment of counsel, ECF Nos. 16 & 18, are denied.

26          2. Plaintiff's request for reconsideration, ECF No. 20, is denied.

27          3. The Clerk of Court is directed to send plaintiff a copy of the January 9, 2023

28  complaint.

IT IS SO ORDERED.

Dated:   July 10, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4